**Robert R. Axenfeld, Esq.**
2001 Market St., Suite 2500
Philadelphia, PA 19103
(215) 422-3000
robert@axenfeldlaw.com



February 6, 2023

**VIA EMAIL AND ECF**
Christopher J. Renk, Esq.
Aaron Bowling, Esq.
Bridgette C. Gershoni, Esq.
Michael J. Gershoni, Esq.
Michael J. Harris, Esq.
Michael J. Sebba, Esq.
Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231

> Re: *Nike, Inc. v. By Kiy LLC, Nickwon Arvinger, David Weeks, Reloaded Merch LLC, Bill Omar Carrasquillo, and Xiamen Wandering Planet Import and Export Co., Ltd.*, No. 1:22-cv-10176-VM (S.D.N.Y.)—
> **Nike's Failure to State a Claim Upon Which Relief May Be Granted**

Dear Counsel:

As you know, our Firm represents two defendants in the above-captioned action: **Reloaded Merch LLC** ("Reloaded") and (2) **Bill Omar Carrasquillo** ("Carrasquillo") (collectively, "Reloaded/Carrasquillo").

As Reloaded/Carrasquillo previously advised Bridgette Gershoni in our October 11, 2022 letter, most of Nike's trademark registrations in the above-captioned case consist of functional features, which were either patentable in the 1980s and expired, or were never timely patented by Nike, and have long since entered the public domain. Nike cannot now use trade dress protection to prevent competitors from copying functional features, including stitching (such as sewing an upper to the sole), tread spacing, lace eyelets, and various other functional features, which are in the purview of patents, not trademarks. We also pointed out distinguishing-design features between Nike's trademark registrations and Reloaded's sneakers. Nike ignored Reloaded/Carrasquillo's October 11 letter, instead electing to file this lawsuit, in what appears to be an attempt to improperly stifle competition.

With the above in mind, in accordance with Judge Marrero's Individual Practices (II.B.), we write to ask that Nike dismiss all Counts filed in Nike's Complaint [ECF No. 1] against Reloaded/Carrasquillo for failure to state a claim under Fed. R. Civ. P. 12(b)(6). If Nike fails to do so, Reloaded/Carrasquillo contemplate filing a motion to dismiss in lieu of an Answer.

Christopher J. Renk, Esq., et al.
February 6, 2023
**2** | P a g e



---

    In its Complaint, Nike asserts six counts against Reloaded/Carasquillo: (1) Trademark Infringement in Violation of 15 U.S.C. § 1114; (2) False Designation of Origin/Unfair Competition in Violation of 15 U.S.C § 1125(a); (3) Trademark Dilution in Violation of 15 U.S.C. § 1125(c); (4) Common Law Trademark Infringement and Unfair Competition; (5) Trademark Infringement Under New York General Business Law § 133; and (6) Dilution Under New York General Business Law § 360-L.  Specifically, Nike alleges that Reloaded/Carasquillo's footwear infringe four of Nike's registered trademarks: (1) the "Air Jordan 1" (high), Reg. No. 6,368,694; (2) the "Air Jordan 1" (low), Reg. No. 6,368,691; (3) the "Dunk," Reg. No. 3,711,305; and (4) the "sole pattern," Reg. No. 3,721,064 (the "Asserted Marks"). *See* Compl. at ¶¶ 25, 30.

    Nevertheless, Nike's Complaint fails to state a claim upon which relief may be granted because it does not contain "a precise expression of the character and scope of the claimed trade dress," including "which of plaintiff's trade dress design elements are distinctive and how [they] are distinctive."[1] *See Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003); *E. Remy Martin & Co. v. Sire Spirits LLC*, No. 21 CIV. 6838 (AKH), 2022 WL 94882, at *10 (S.D.N.Y. Jan. 10, 2022) (dismissing similar claims as in the instant action for failure to sufficiently define the claimed trade dress). Rather than precisely articulating its claimed trade dress to allow Reloaded/Carasquillo to understand precisely what Nike claims was infringed, Nike's Complaint merely compares photographs of its alleged athletic footwear to photographs of Reloaded/Carrasquillo's alleged footwear and attaches copies of Nike's alleged trademark registrations as exhibits to the Complaint. *See* Compl. at ¶¶ 3, 49.

    Simply attaching photographs and/or trademark registrations, as Nike has done, does not meet the pleading requirements of this Court.[2] *See, e.g.*, *E. Remy Martin*, 2022 WL 94882 at *11 (finding plaintiff's reliance on a series of images, the registered marks, and a general description of the overall look insufficient). A plaintiff cannot simply submit an image and expect the court to determine what part or parts constitute protectable trade dress. *See Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F.

---

[1] All of Plaintiff's trademark-related claims are analyzed under the same framework. *See Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 216 n. 9 (2d Cir. 2012); *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (indicating that the elements to state a claim under New York common law mirror those required to state a claim under the Lanham Act).

[2] Additionally, the photographs of "genuine" shoes and alleged "knockoff" shoes included in Nike's Complaint contain no information about when the photographs were taken. Thus, it is impossible to tell whether the design of the "genuine" shoes predates that of the alleged "knockoffs."

Christopher J. Renk, Esq., et al.
February 6, 2023
3 | P a g e



Supp. 2d 556. 562 (S.D.N.Y. 2009). Nor can a plaintiff point to the "overall look; it must 'articulat[e] ... the specific elements which comprise its distinct dress." *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). Defining the elements is especially critical when plaintiff alleges, as Nike does here, that its product trade dress is embodied in multiple products. *See, e.g., Yurman Design Inc. v. PAJ, Inc.*, 262 F.3d 101, 116-17 (2d Cir. 2001).

If Nike argues that the USPTO trademark registrations attached to the Complaint satisfy Nike's pleading burden because those registrations contain a description of the trade dress, that argument would be unavailing. The short and vague descriptions in the trademark registrations do not describe the alleged trade dress with enough particularity to state a claim. Rather, the descriptions resemble the kind of "laundry list of elements" that courts in this Circuit routinely find to be legally insufficient. *See, e.g., Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009) (dismissing complaint where it contained a mere "laundry list of elements that constitute a [product's] design rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive."); *Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 CV 1657 JG, 2006 WL 3335008, at *6 (E.D.N.Y. Nov. 17, 2006) (simply reciting a list of features comprising the alleged trade dress does not satisfy a plaintiff's pleading burden where the complaint fails to identify how any of those features were distinctive).

In sum, because Nike's Complaint does not specifically allege the elements comprising Nike's trade dress, and instead attempts to rely on a series of images of Nike's products and Nike's registered trademarks merely attached as exhibits, we ask that Nike dismiss its Complaint in its entirety against Reloaded/Carrasquillo.

Very truly yours,

*Robert R. Axenfeld*

**Axenfeld Law Group, LLC**
Robert R. Axenfeld
Scott L. Baker
Daniel P. Wotherspoon
Counsel for Reloaded Merch LLC and
Bill Omar Carrasquillo

cc (via ECF): Hon. Victor Marrero
John S. Durrant, Esq.
Zakari A. Kurtz, Esq.