# Arnold & Porter

February 13, 2023

**VIA EMAIL AND ECF**

Robert R. Axenfeld
Scott L. Baker
Daniel P. Wotherspoon
Axenfeld Law Group, LLC
2001 Market St Suite 2500
Philadelphia, PA 19103

> Re: Nike Inc. v. By Kiy LLC et al., No. 1:22-cv-10176-VM (S.D.N.Y.) — Nike's Response to Reloaded/Carrasquillo's Feb. 6, 2023 Letter

Dear Counsel,

Pursuant to Judge Marrero's Individual Rule of Practice II(B), Plaintiff Nike, Inc. ("Nike") submits this response to Defendants Reloaded Merch LLC and Bill Omar Carrasquillo's (collectively, "Omi's") February 6, 2023 letter ("Letter" or "Ltr.").

Omi does not dispute that Nike's Complaint contains well-pleaded allegations that each asserted trade dress is non-functional and has secondary meaning, or that there is a likelihood of confusion between each asserted trade dress and Omi's knockoffs. Nor could it. Each asserted trade dress is federally registered and entitled to a presumption of non-functionality and secondary meaning, and the Complaint is replete with examples of consumer confusion. *See* Compl., ¶¶ 25, 30, 50-51.

Omi's sole basis for requesting a dismissal is the unsupported assertion that Nike's Complaint does not "specifically allege the elements comprising Nike's trade dress." Ltr. at 3. But even a cursory review of the Complaint demonstrates that Nike's identification of its asserted trade dress more than satisfies the requisite pleading standard. Nike's Complaint references and attaches as exhibits the registration certificate for each asserted trade dress. As shown below, the registration certificates contain both a diagrammed illustration and a detailed description of each asserted trade dress.[1] Compl., Exs. 2-5.

| Reg. No. | Diagrammed Illustration | Detailed Written Description |
|---|---|---|
| 6,368,694 | | The mark consists of a three-dimensional configuration comprising the design of the material panels that form the exterior body of the shoe, the design of the panel on top of the shoe that includes the eyelets for the shoe laces, the design of the ridge pattern on the sides of the sole of the shoe, the design of a stitched line running along the midsole of the shoe, and the relative position of these |

---

[1] *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ("A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (citation omitted).

**Arnold & Porter**

February 13, 2023
Page 2

| | | |
|---|---|---|
| | | elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. Color is not claimed as a feature of the mark. |
| 6,368,691 | | The mark consists of a three-dimensional configuration comprising the design of the material panels that form the exterior body of the shoe, the design of the panel on top of the shoe that includes the eyelets for the shoe laces, the design of the ridge pattern on the sides of the sole of the shoe, the design of a material panel on the heel, the design of a stitched line running along the midsole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. Color is not claimed as a feature of the mark. |
| 3,711,305 | | The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. |
| 3,721,064 | | The mark consists of the design of the tread on the sole a shoe. The broken lines show the position of the mark on the goods and are not claimed as a part of the mark. Color is not claimed as a feature of the mark. |

These diagrammed illustrations and detailed descriptions, together with the allegations in the body of Nike's Complaint, are more than enough to satisfy the requisite standard. *See Nat'l Hockey League v. Hockey Cup LLC*, Case No. 18-cv-6597, 2019 WL 130576, at *1, *6–*7 (S.D.N.Y. Jan. 8, 2019) (holding that the NHL's listing of its trade dress registrations in the complaint and attached registrations satisfied the requirement that the plaintiff offer "a precise expression of the character and scope of the claimed trade dress.").

Omi's assertions are further contradicted by Omi's own admissions regarding its understanding of the character and scope of the asserted trade dress. For example, Omi's Letter admits that Omi previously "pointed out [what it contends are] distinguishing-design features between Nike's trademark registrations and [Omi's] sneakers" during the parties' pre-suit discussions. Ltr. at 1. And, in an interview conducted with Carrasquillo after the filing of the Complaint, he confirmed his understanding of the same—telling Complex Magazine that "the Dunk-inspired shoe will be an issue, admitting not enough changes were made from the original." *See Nike Sues Designers Kool Kiy & Omi for Trademark Infringement*, Complex (Dec. 1, 2022) (available at https://www.complex.com/sneakers/nike-sues-designers-kool-kiy-omi-trademark-infringement).

February 13, 2023
Page 3

The cases that Omi relies on in its Letter do not support its position and are inapposite for several reasons. All but one of the cases involve *unregistered* trade dress, in which the court had to ascertain the character and scope of the trade dress in the first instance—a factual scenario highly distinguishable from the present case. *Cf.* Trademark Manual of Examining Procedure § 1202.02 (explaining that the determination of whether a trade dress is protectable is informed by the Trademark Office's review of "the application content, including the drawing [and] the description of the mark[.]"); *Nat'l Hockey League*, 2019 WL 130576, at *7.

The only case Omi relies on that actually involves registered trade dress is *E. Rémy Martin & Co. v. Sire Spirits LLC*, Case No. 21-cv-6838, 2022 WL 94882, at *10–*11 (S.D.N.Y. Jan. 10, 2022). Unlike this case, however, the plaintiff in *E. Rémy Martin* asserted a single trade dress that it claimed was embodied by multiple products (*i.e.*, the REMY BOTTLE mark) and was purportedly "evidenced by multiple U.S. trademark registrations" with varying descriptions of the trade dress. *Id.*, Dkt. 1 at ¶ 2. The court thus found that the plaintiff's initial description of its trade dress—a bottle with a "distinctive toroidal design with recessed center," *id.*, was insufficient and granted the plaintiff leave to amend to cure the deficiency. *E. Rémy Martin*, 2022 WL 94882, at *11. Notably, Omi does not raise for the Court's attention the subsequent amended complaint and motion to dismiss, *see id.*, Dkt. 81, on the same grounds in *E. Rémy Martin*— which support the sufficiency of Nike's allegations. In that opinion, the court noted that the following description of the asserted trade dress satisfied the pleading standards: "(a) a toroidal shape, (b) a flat, recessed center; and (c) ridging on the front and back surfaces surrounding the recessed center of the bottle and encircling the outward edges[,]" which "creates a scalloped appearance when the bottle is viewed from the front or back." *See id.*, Dkt. 81 at 1. Nike's diagrammed illustrations and detailed written descriptions describing the asserted trade dress exceed the amended description found to be sufficient in *E. Rémy Martin*.

Omi's request for heightened scrutiny of Nike's Complaint in view of *Yurman Design* is similarly unavailing. Unlike Yurman, who sought *unregistered* trade dress protection for "an entire product line of 18 different Yurman pieces—eight rings, seven bracelets, and three pairs of earrings[,]"[2] each of Nike's registered marks covers trade dress used on a single product— the Air Jordan 1 High, Air Jordan 1 Low OG, and Dunk sneakers, respectively.[3] Further, the plaintiff in *Yurman Design* never provided *any* description of its unregistered trade dress. *Id*. at 117 ("We need not decide whether Yurman could formulate a description of design elements to support a trade dress claim sufficient to protect a line of Yurman jewelry, because Yurman has not even offered one for our consideration.").

Accordingly, Nike's Complaint meets the requisite pleading standard and dismissal of the Complaint is unwarranted. Nike respectfully requests that the Court deny Omi's request to file a motion to dismiss on these grounds in lieu of an Answer.

---

[2] *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 114 (2d Cir. 2001).
[3] The outsole design covered by the '064 registration is present on Nike's Air Jordan 1 and Dunk sneakers.

**Arnold & Porter**

February 13, 2023
Page 4

                                  Best regards,

                                  *Bridgette Gershoni*

                                  Bridgette C. Gershoni
                                  **Arnold & Porter Kaye Scholer LLP**

                                  Christopher J. Renk
                                  Michael J. Harris
                                  Aaron P. Bowling
                                  Michael J. Gershoni
                                  Michael J. Sebba

                                  Counsel for Plaintiff Nike, Inc.

cc (via ECF):  Hon. Victor Marerro
                John S. Durrant
                Zakari A. Kurtz