**Robert R. Axenfeld, Esq.**
2001 Market St., Suite 2500
Philadelphia, PA 19103
(215) 422-3000
robert@axenfeldlaw.com



February 21, 2023

<u>VIA ECF and Email</u>

Hon. Victor Marrero
United States Courthouse
500 Pearl Street, Suite 1610
New York, New York 10007
ChambersNYSDMarrero@nysd.uscourts.gov

  **Re:**   <u>*Nike, Inc. v. By Kiy LLC, et al.*, No. 1:22-cv-10176-VM (S.D.N.Y.)</u>

Dear Judge Marrero:

  On Feb. 6, 2023, Defendants Reloaded Merch LLC and Bill Omar Carrasquillo (collectively "Reloaded/Carrasquillo") sent a letter to plaintiff Nike, Inc. ("Nike") asking it to dismiss Nike's Lanham Act claims for trade dress infringement and its related state law claims for failure to state a claim. [ECF. No. 47, also attached as Ex. A hereto]. On Feb. 13 Nike replied, refusing to offer to amend or dismiss its complaint. [ECF No. 54, also attached as Ex. B hereto.] Consequently, Reloaded/Carrasquillo hereby notifies the Court to explain why a motion to dismiss remains warranted.

  To plead a claim of trade dress infringement, a claimant must "specify both 'which features are distinctive' and 'how they are distinctive.'" *Tracey Tooker & TT Ltd., v. Whitworth,* 212 F. Supp. 3d 429, 434 (S.D.N.Y. 2016 (citations omitted). *See also Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997)

  Nike admits that the only description of Nike's trade dress asserted against Reloaded/Carrasquillo is exclusively contained in four trademark registrations attached as exhibits to Nike's Complaint. In other words, Nike's complaint is devoid of a single word devoted to describing which features of Nike's product designs for its shoes are "distinctive" and "how these features are distinctive." For this reason alone, Nike's Complaint should be dismissed for failure to sufficiently plead under Rule 12(b)(6).

  Nevertheless, Nike argues that the four trademark registrations attached to its complaint excuse Nike from having to expressly define and specify what features of its trade dress for its product designs are "distinctive" and "how they are distinctive." Nike fails to cite a single case to support its argument. Whether trade dress is registered or unregistered has no bearing on whether a plaintiff has properly pleaded a precise expression of the character and scope of its trade dress. "A registration is only 'prima facie evidence of the ***validity*** of the registered mark,' ***not the clarity of its scope***. *Heller Inc. v. Design Within Reach, Inc.,* No. 09CIV1909(JGK), 2009 WL 2486054, at \*6 (S.D.N.Y. Aug. 14, 2009) (quoting 15 U.S.C. § 1115(a) (emphasis added)).

Honorable Victor Marrero
District Court for the Southern District of New York
February 21, 2023
**2** | P a g e



---

Again, Nike cites no case holding that a plaintiff is relieved from pleading a precise expression of its distinctive trade dress or that a plaintiff's burden to plead is lessened because the trade dress is registered. The diagrams and descriptions included in Nike's registrations are vague and overbroad, because they read-on and potentially cover a wide array of competing shoes, and thus "pose an anti-competitive risk." *See Caraway Home, Inc. v. Pattern Brands, Inc.*, No. 20 CIV. 10469, 2021 WL 1226156, at *7 (S.D.N.Y. Apr. 1, 2021) (citation omitted). Courts must exercise "particular caution" in considering trade dress infringement claims related to product design because they "raise a potent risk that relief will impermissibly afford a level of protection that would hamper efforts to market competitive goods." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 1116 (2d Cir. 2001) (citations omitted).

For instance, the descriptions in Nike's registrations describe the "design" of common, generic, and widely used elements of most shoes, such as "*the material panels that form the exterior body of the shoe*" and "*the panel on top of the shoe that includes the eyelets*." [*See* Ex. B, ECF No. 54, at pp. 1-2 (emphasis added).] Nike's reference in Nike's registrations to the vague word "design" does nothing to describe what elements of Nike's shoes Nike claims are distinctive and how these elements are distinctive. *See Caraway*, 2021 WL 1226156, at *7 (finding that reference to "the design, style and visual appearance of [the] curves" of a pan was "unclear and overbroad" and thus insufficient to state a claim.). "In adequately pleading how one's trade dress is distinctive, a plaintiff must provide more than just 'a laundry list of the elements' that constitute its product design." *Id.* at *8. (quoting *Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009)); *Shevy Custom Wigs v. Aggie Wigs,* No. 06-CV-1657, 2006 WL 3335008, *5 (E.D.N.Y. Nov. 17, 2006) ("The issue is not just *which* features are distinctive, but also *how* they are distinctive.") (emphasis in original).

Nike's argument that the descriptions in its registrations "exceed" the descriptions of the plaintiff's trade dress in the recent case *E. Remy Martin & Co. v. Sire Spirits LLC*, No. 21 civ. 6838 (AKH), 2022 WL 94882, at *11 (S.D.N.Y. Jan 10, 2022) is also unavailing, because Nike appears to rely on word count only. Specifically, Nike fails to recognize that the court in *E. Remy* relied on the meaningful and robust descriptions in the complaint itself to paint a picture of what E. Remy alleged was distinctive and how those features were distinctive. The Court in *E. Remy* found the detailed descriptions of plaintiff's bottles in its amended complaint sufficient to state a claim with enough specificity regarding what was distinctive, including the shape of the elements comprising the bottle and the interplay between them, and how the elements appear when viewed from different angles:

Honorable Victor Marrero
District Court for the Southern District of New York
February 21, 2023
3 | P a g e



---

"(a) a toroidal shape; (b) a flat, recessed center; and (c) ridging on the front and back surfaces surrounding the recessed center of the bottle and encircling the outward edges . . . creat[ing] a scalloped appearance when the bottle is viewed from the front or back."

[*E. Remy*], ECF No. 68; and ECF No. 81].

In stark contrast, Nike's general trade dress descriptions are more analogous to the deficient descriptions in *Shevy Custom Wigs, Inc. v. Aggie Wigs* No. 06 CV 1657 JG, 2006 WL 3335008, at *5 (E.D.N.Y. Nov. 17, 2006) (finding the description "legally insufficient" and noting that references to the "'specific lace band' or 'particular multi-directional part' fail to describe what features make the lace band or multi-directional part unique").

Nike also turns to *Nat'l Hockey League v. Hockey Cup* LLC, No. 18-cv-6597, 2019 WL 130576 (S.D.N.Y. Jan. 8, 2019) to support its argument that Nike's trade dress registrations, alone, make Nike's complaint sufficiently plead. But *Nat'l Hockey League*, is distinguishable from the case at hand. In *Nat'l Hockey League*, the defendant devoted only three sentences of its 32-page motion to dismiss to its argument that plaintiff failed to allege a precise expression of the trade dress. Similarly, the court gave the defendant's argument cursory analysis, concluding that the plaintiff met its pleading burden by "list[ing] its registration for its Stanley Cup trade dress in the complaint." *Id.*

However, the majority of Second Circuit case law supports Reloaded/Carrasquillo's contention that Nike's description of its trade dress is **not** sufficiently pled. *See, e.g., Heller,* 2009 WL 2486054, at *6 ("Registration, particularly a vague registration, does not affect the plaintiff's obligation to specify the elements of its allegedly distinctive dress."); *Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*, No. 1:20-CV-07899-PAC, 2021 WL 1758881, at *4 (S.D.N.Y. May 4, 2021) (same); *Cf. Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 348 F. Supp. 2d 217, 223 (S.D.N.Y. 2004) (articulating the specific elements that constitute its distinct trade dress, despite having a registered mark).

In sum, because Nike has not precisely articulated in its Complaint the distinctive features of its alleged trade dress and how those features are distinctive, it has failed to state a claim. Therefore, Reloaded/Carrasquillo respectfully asks the Court for leave to file a 12(b)(6) Motion to Dismiss.

Honorable Victor Marrero
District Court for the Southern District of New York
February 21, 2023
**4** | P a g e



Respectfully submitted,
**Axenfeld Law Group, LLC**

*/s/ Robert R. Axenfeld* **(pro hac vice)**

Counsel for Reloaded Merch, LLC and
Bill Omar Carrasquillo

Copies to:  All counsel of record via ECF only.

# Exhibit A

**Robert R. Axenfeld, Esq.**
2001 Market St., Suite 2500
Philadelphia, PA 19103
(215) 422-3000
robert@axenfeldlaw.com



February 6, 2023

**VIA EMAIL AND ECF**
Christopher J. Renk, Esq.
Aaron Bowling, Esq.
Bridgette C. Gershoni, Esq.
Michael J. Gershoni, Esq.
Michael J. Harris, Esq.
Michael J. Sebba, Esq.
Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231

    Re: *Nike, Inc. v. By Kiy LLC, Nickwon Arvinger, David Weeks, Reloaded Merch LLC, Bill Omar Carrasquillo, and Xiamen Wandering Planet Import and Export Co., Ltd.*, No. 1:22-cv-10176-VM (S.D.N.Y.)—
Nike's Failure to State a Claim Upon Which Relief May Be Granted

Dear Counsel:

    As you know, our Firm represents two defendants in the above-captioned action: **Reloaded Merch LLC** ("Reloaded") and (2) **Bill Omar Carrasquillo** ("Carrasquillo") (collectively, "Reloaded/Carrasquillo").

    As Reloaded/Carrasquillo previously advised Bridgette Gershoni in our October 11, 2022 letter, most of Nike's trademark registrations in the above-captioned case consist of functional features, which were either patentable in the 1980s and expired, or were never timely patented by Nike, and have long since entered the public domain. Nike cannot now use trade dress protection to prevent competitors from copying functional features, including stitching (such as sewing an upper to the sole), tread spacing, lace eyelets, and various other functional features, which are in the purview of patents, not trademarks. We also pointed out distinguishing-design features between Nike's trademark registrations and Reloaded's sneakers. Nike ignored Reloaded/Carrasquillo's October 11 letter, instead electing to file this lawsuit, in what appears to be an attempt to improperly stifle competition.

    With the above in mind, in accordance with Judge Marrero's Individual Practices (II.B.), we write to ask that Nike dismiss all Counts filed in Nike's Complaint [ECF No. 1] against Reloaded/Carrasquillo for failure to state a claim under Fed. R. Civ. P. 12(b)(6). If Nike fails to do so, Reloaded/Carrasquillo contemplate filing a motion to dismiss in lieu of an Answer.

Christopher J. Renk, Esq., et al.
February 6, 2023
**2** | P a g e



---

In its Complaint, Nike asserts six counts against Reloaded/Carasquillo: (1) Trademark Infringement in Violation of 15 U.S.C. § 1114; (2) False Designation of Origin/Unfair Competition in Violation of 15 U.S.C § 1125(a); (3) Trademark Dilution in Violation of 15 U.S.C. § 1125(c); (4) Common Law Trademark Infringement and Unfair Competition; (5) Trademark Infringement Under New York General Business Law § 133; and (6) Dilution Under New York General Business Law § 360-L. Specifically, Nike alleges that Reloaded/Carasquillo's footwear infringe four of Nike's registered trademarks: (1) the "Air Jordan 1" (high), Reg. No. 6,368,694; (2) the "Air Jordan 1" (low), Reg. No. 6,368,691; (3) the "Dunk," Reg. No. 3,711,305; and (4) the "sole pattern," Reg. No. 3,721,064 (the "Asserted Marks"). *See* Compl. at ¶¶ 25, 30.

Nevertheless, Nike's Complaint fails to state a claim upon which relief may be granted because it does not contain "a precise expression of the character and scope of the claimed trade dress," including "which of plaintiff's trade dress design elements are distinctive and how [they] are distinctive."[1] *See Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003); *E. Remy Martin & Co. v. Sire Spirits LLC*, No. 21 CIV. 6838 (AKH), 2022 WL 94882, at *10 (S.D.N.Y. Jan. 10, 2022) (dismissing similar claims as in the instant action for failure to sufficiently define the claimed trade dress). Rather than precisely articulating its claimed trade dress to allow Reloaded/Carasquillo to understand precisely what Nike claims was infringed, Nike's Complaint merely compares photographs of its alleged athletic footwear to photographs of Reloaded/Carrasquillo's alleged footwear and attaches copies of Nike's alleged trademark registrations as exhibits to the Complaint. *See* Compl. at ¶¶ 3, 49.

Simply attaching photographs and/or trademark registrations, as Nike has done, does not meet the pleading requirements of this Court.[2] *See, e.g.*, *E. Remy Martin*, 2022 WL 94882 at *11 (finding plaintiff's reliance on a series of images, the registered marks, and a general description of the overall look insufficient). A plaintiff cannot simply submit an image and expect the court to determine what part or parts constitute protectable trade dress. *See Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F.

---

[1] All of Plaintiff's trademark-related claims are analyzed under the same framework. *See Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 216 n. 9 (2d Cir. 2012); *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (indicating that the elements to state a claim under New York common law mirror those required to state a claim under the Lanham Act).

[2] Additionally, the photographs of "genuine" shoes and alleged "knockoff" shoes included in Nike's Complaint contain no information about when the photographs were taken. Thus, it is impossible to tell whether the design of the "genuine" shoes predates that of the alleged "knockoffs."

Christopher J. Renk, Esq., et al.
February 6, 2023
3 | P a g e



Supp. 2d 556. 562 (S.D.N.Y. 2009). Nor can a plaintiff point to the "overall look; it must 'articulat[e] ... the specific elements which comprise its distinct dress." *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). Defining the elements is especially critical when plaintiff alleges, as Nike does here, that its product trade dress is embodied in multiple products. *See, e.g., Yurman Design Inc. v. PAJ, Inc.*, 262 F.3d 101, 116-17 (2d Cir. 2001).

If Nike argues that the USPTO trademark registrations attached to the Complaint satisfy Nike's pleading burden because those registrations contain a description of the trade dress, that argument would be unavailing. The short and vague descriptions in the trademark registrations do not describe the alleged trade dress with enough particularity to state a claim. Rather, the descriptions resemble the kind of "laundry list of elements" that courts in this Circuit routinely find to be legally insufficient. *See, e.g., Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009) (dismissing complaint where it contained a mere "laundry list of elements that constitute a [product's] design rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive."); *Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 CV 1657 JG, 2006 WL 3335008, at *6 (E.D.N.Y. Nov. 17, 2006) (simply reciting a list of features comprising the alleged trade dress does not satisfy a plaintiff's pleading burden where the complaint fails to identify how any of those features were distinctive).

In sum, because Nike's Complaint does not specifically allege the elements comprising Nike's trade dress, and instead attempts to rely on a series of images of Nike's products and Nike's registered trademarks merely attached as exhibits, we ask that Nike dismiss its Complaint in its entirety against Reloaded/Carrasquillo.

Very truly yours,

*Robert R. Axenfeld*

**Axenfeld Law Group, LLC**
Robert R. Axenfeld
Scott L. Baker
Daniel P. Wotherspoon
Counsel for Reloaded Merch LLC and
Bill Omar Carrasquillo

cc (via ECF): Hon. Victor Marrero
John S. Durrant, Esq.
Zakari A. Kurtz, Esq.

# Exhibit B

# Arnold & Porter

February 13, 2023

**VIA EMAIL AND ECF**

Robert R. Axenfeld
Scott L. Baker
Daniel P. Wotherspoon
Axenfeld Law Group, LLC
2001 Market St Suite 2500
Philadelphia, PA 19103

    Re:    Nike Inc. v. By Kiy LLC et al., No. 1:22-cv-10176-VM (S.D.N.Y.) —
Nike's Response to Reloaded/Carrasquillo's Feb. 6, 2023 Letter

Dear Counsel,

Pursuant to Judge Marrero's Individual Rule of Practice II(B), Plaintiff Nike, Inc. ("Nike") submits this response to Defendants Reloaded Merch LLC and Bill Omar Carrasquillo's (collectively, "Omi's") February 6, 2023 letter ("Letter" or "Ltr.").

Omi does not dispute that Nike's Complaint contains well-pleaded allegations that each asserted trade dress is non-functional and has secondary meaning, or that there is a likelihood of confusion between each asserted trade dress and Omi's knockoffs. Nor could it. Each asserted trade dress is federally registered and entitled to a presumption of non-functionality and secondary meaning, and the Complaint is replete with examples of consumer confusion. *See* Compl., ¶¶ 25, 30, 50-51.

Omi's sole basis for requesting a dismissal is the unsupported assertion that Nike's Complaint does not "specifically allege the elements comprising Nike's trade dress." Ltr. at 3. But even a cursory review of the Complaint demonstrates that Nike's identification of its asserted trade dress more than satisfies the requisite pleading standard. Nike's Complaint references and attaches as exhibits the registration certificate for each asserted trade dress. As shown below, the registration certificates contain both a diagrammed illustration and a detailed description of each asserted trade dress.[1] Compl., Exs. 2-5.

| Reg. No. | Diagrammed Illustration | Detailed Written Description |
|---|---|---|
| 6,368,694 | | The mark consists of a three-dimensional configuration comprising the design of the material panels that form the exterior body of the shoe, the design of the panel on top of the shoe that includes the eyelets for the shoe laces, the design of the ridge pattern on the sides of the sole of the shoe, the design of a stitched line running along the midsole of the shoe, and the relative position of these |

---

[1] *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ("A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (citation omitted).

| | | |
|---|---|---|
| | | elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. Color is not claimed as a feature of the mark. |
| 6,368,691 | | The mark consists of a three-dimensional configuration comprising the design of the material panels that form the exterior body of the shoe, the design of the panel on top of the shoe that includes the eyelets for the shoe laces, the design of the ridge pattern on the sides of the sole of the shoe, the design of a material panel on the heel, the design of a stitched line running along the midsole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. Color is not claimed as a feature of the mark. |
| 3,711,305 | | The mark consists of the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on top of the shoe that encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. |
| 3,721,064 | | The mark consists of the design of the tread on the sole a shoe. The broken lines show the position of the mark on the goods and are not claimed as a part of the mark. Color is not claimed as a feature of the mark. |

These diagrammed illustrations and detailed descriptions, together with the allegations in the body of Nike's Complaint, are more than enough to satisfy the requisite standard. *See Nat'l Hockey League v. Hockey Cup LLC*, Case No. 18-cv-6597, 2019 WL 130576, at *1, *6–*7 (S.D.N.Y. Jan. 8, 2019) (holding that the NHL's listing of its trade dress registrations in the complaint and attached registrations satisfied the requirement that the plaintiff offer "a precise expression of the character and scope of the claimed trade dress.").

Omi's assertions are further contradicted by Omi's own admissions regarding its understanding of the character and scope of the asserted trade dress. For example, Omi's Letter admits that Omi previously "pointed out [what it contends are] distinguishing-design features between Nike's trademark registrations and [Omi's] sneakers" during the parties' pre-suit discussions. Ltr. at 1. And, in an interview conducted with Carrasquillo after the filing of the Complaint, he confirmed his understanding of the same—telling Complex Magazine that "the Dunk-inspired shoe will be an issue, admitting not enough changes were made from the original." *See Nike Sues Designers Kool Kiy & Omi for Trademark Infringement*, Complex (Dec. 1, 2022) (available at https://www.complex.com/sneakers/nike-sues-designers-kool-kiy-omi-trademark-infringement).

**Arnold & Porter**

February 13, 2023
Page 3

The cases that Omi relies on in its Letter do not support its position and are inapposite for several reasons. All but one of the cases involve *unregistered* trade dress, in which the court had to ascertain the character and scope of the trade dress in the first instance—a factual scenario highly distinguishable from the present case. *Cf.* Trademark Manual of Examining Procedure § 1202.02 (explaining that the determination of whether a trade dress is protectable is informed by the Trademark Office's review of "the application content, including the drawing [and] the description of the mark[.]"); *Nat'l Hockey League*, 2019 WL 130576, at *7.

The only case Omi relies on that actually involves registered trade dress is *E. Rémy Martin & Co. v. Sire Spirits LLC*, Case No. 21-cv-6838, 2022 WL 94882, at *10–*11 (S.D.N.Y. Jan. 10, 2022). Unlike this case, however, the plaintiff in *E. Rémy Martin* asserted a single trade dress that it claimed was embodied by multiple products (*i.e.*, the REMY BOTTLE mark) and was purportedly "evidenced by multiple U.S. trademark registrations" with varying descriptions of the trade dress. *Id.*, Dkt. 1 at ¶ 2. The court thus found that the plaintiff's initial description of its trade dress—a bottle with a "distinctive toroidal design with recessed center," *id.*, was insufficient and granted the plaintiff leave to amend to cure the deficiency. *E. Rémy Martin*, 2022 WL 94882, at *11. Notably, Omi does not raise for the Court's attention the subsequent amended complaint and motion to dismiss, *see id.*, Dkt. 81, on the same grounds in *E. Rémy Martin*—which support the sufficiency of Nike's allegations. In that opinion, the court noted that the following description of the asserted trade dress satisfied the pleading standards: "(a) a toroidal shape, (b) a flat, recessed center; and (c) ridging on the front and back surfaces surrounding the recessed center of the bottle and encircling the outward edges[,]" which "creates a scalloped appearance when the bottle is viewed from the front or back." *See id.*, Dkt. 81 at 1. Nike's diagrammed illustrations and detailed written descriptions describing the asserted trade dress exceed the amended description found to be sufficient in *E. Rémy Martin*.

Omi's request for heightened scrutiny of Nike's Complaint in view of *Yurman Design* is similarly unavailing. Unlike Yurman, who sought *unregistered* trade dress protection for "an entire product line of 18 different Yurman pieces—eight rings, seven bracelets, and three pairs of earrings[,]"[2] each of Nike's registered marks covers trade dress used on a single product— the Air Jordan 1 High, Air Jordan 1 Low OG, and Dunk sneakers, respectively.[3] Further, the plaintiff in *Yurman Design* never provided *any* description of its unregistered trade dress. *Id.* at 117 ("We need not decide whether Yurman could formulate a description of design elements to support a trade dress claim sufficient to protect a line of Yurman jewelry, because Yurman has not even offered one for our consideration.").

Accordingly, Nike's Complaint meets the requisite pleading standard and dismissal of the Complaint is unwarranted. Nike respectfully requests that the Court deny Omi's request to file a motion to dismiss on these grounds in lieu of an Answer.

---

[2] *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 114 (2d Cir. 2001).
[3] The outsole design covered by the '064 registration is present on Nike's Air Jordan 1 and Dunk sneakers.

# Arnold & Porter

February 13, 2023
Page 4

                                                Best regards,

*Bridgette Gershoni*

Bridgette C. Gershoni
**Arnold & Porter Kaye Scholer LLP**

Christopher J. Renk
Michael J. Harris
Aaron P. Bowling
Michael J. Gershoni
Michael J. Sebba

Counsel for Plaintiff Nike, Inc.

cc (via ECF):  Hon. Victor Marerro
                  John S. Durrant
                  Zakari A. Kurtz