# Arnold&Porter

February 22, 2023

**VIA EMAIL AND ECF**

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *Nike Inc. v. By Kiy LLC et al.*, No. 1:22-cv-10176-VM (S.D.N.Y.) —
> Nike's Response to Reloaded/Carrasquillo's Feb. 21, 2023 Letter

Dear Judge Marrero,

On February 21, 2023, Defendants Reloaded Merch LLC and Bill Omar Carrasquillo (collectively, "Omi") filed a three-page substantive reply letter brief in support of their request to file a motion to dismiss (Dkt. 58). Your Honor's Individual Practices do not provide for substantive reply letter briefs. *See* Individual Rule of Practice II(B). Plaintiff Nike, Inc., therefore, requests that the Court strike the reply letter brief.

To the extent Omi's reply letter brief is not struck, Nike requests that the Court disregard the letter because it reflects a fundamental misunderstanding of trademark law and the cases cited therein. First, Omi again incorrectly relies on cases where plaintiffs asserted ***unregistered*** trade dress, which is much different than this case where Nike asserts federally ***registered*** trade dress. *See Shevy Custom Wigs, Inc. v. Aggie Wigs*, 2006 WL 3335008 (E.D.N.Y. Nov. 17, 2006) (involving unregistered trade dress); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001) (same); *Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*, 2021 WL 1758881 (S.D.N.Y. May 4, 2021) (same); *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997) (same); *Tracey Tooker & TT Ltd., Inc. v. Whitworth*, 212 F. Supp. 3d 429, 434 (S.D.N.Y. 2016) (same). Indeed, the courts in those cases on which Omi relies distinguished their cases from other cases that, like here, involved registered trade dress. *See, e.g., Tracey Tooker*, 212 F. Supp. 3d at 435 (explaining that the case law, and pleading requirements, are different for registered and unregistered marks). In particular, a plaintiff asserting an unregistered trade dress must plausibly allege, among other things, that the asserted mark is distinctive and not functional. *Id*. at 434. But a plaintiff asserting a registered trade dress, like Nike here, is entitled to a presumption that the asserted mark is valid, which includes a presumption that the mark is distinctive and not functional. *See, e.g.*, 15 U.S.C. § 1057(b) ("A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark[.]").

Second, Omi does not cite a single case that stands for the proposition that a plaintiff asserting a registered trade dress, like Nike here, is required to do more in its Complaint than Nike has already done. In *Heller*, the only case Omi cited that actually involved a registered trade dress, the plaintiff attached a trade dress registration to its complaint that

**Arnold&Porter**

February 22, 2023
Page 2

contained no written description or diagrammed illustration identifying the specific elements of its trade dress. *Heller Inc. v. Design Within Reach, Inc.,* No. 09-cv-1909-JGK (S.D.N.Y. March 2, 2009) (Dkt. 1), 21 (*Heller* Registration No. 3,270,850). As shown in the table below, the detailed descriptions in Nike's asserted trade dress registrations in this case stand in stark contrast to *Heller's* asserted trade dress registration. *Compare id. with* Compl., ¶¶ 25, 30; Exs. 1-5.

| Nike's '694 Trade Dress Written Description | *Heller*'s Asserted Trade Dress Written Description |
|---|---|
| The mark consists of a three-dimensional configuration comprising the design of the material panels that form the exterior body of the shoe, the design of the panel on top of the shoe that includes the eyelets for the shoe laces, the design of the ridge pattern on the sides of the sole of the shoe, the design of a stitched line running along the midsole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. Color is not claimed as a feature of the mark. | [None] |
| **Nike's '694 Trade Dress Diagrammed Illustration** | ***Heller*'s Asserted Trade Dress Illustration** |
| | |

Third, Omi improperly urges this Court to divorce the detailed written descriptions in Nike's registration certificates from the corresponding diagrammed illustrations in those certificates, arguing that "the descriptions in Nike's registrations describe the 'design' of common, generic, and widely used elements of most shoes," and that "Nike's general trade dress descriptions are more analogous to the deficient descriptions in *Shevy Custom Wigs*[.]" Ltr., 2-3. Not so. Nike's detailed written descriptions with corresponding diagrammed illustrations are nothing like the generalized descriptions of *unregistered* trade dress for a "specific lace band"—without any corresponding diagrammed illustration—in *Shevy Custom Wigs*. 2006 WL 3335008, at *5 (E.D.N.Y. Nov. 17, 2006). Nike's registration certificates, with their detailed written descriptions and corresponding diagrammed illustrations, show Nike's specific, iconic shoe designs (which Omi intentionally copied), not "general elements of most shoes."

**Arnold&Porter**

February 22, 2023
Page 3

In sum, Nike's Complaint contains well-pleaded allegations that more than meet the requisite pleading standard by identifying each element of each asserted trade dress through both a detailed written description and corresponding diagrammed illustration. Omi has not—because it cannot—point to any authority that would require pleading to a higher bar than Nike has already met. Accordingly, Nike respectfully requests that the Court deny Omi's request to file a motion to dismiss and require Omi to answer Nike's well-pleaded allegations in the Complaint.

Best regards,

*Bridgette Gershoni*

Bridgette C. Gershoni
**Arnold & Porter Kaye Scholer LLP**

Christopher J. Renk
Michael J. Harris
Aaron P. Bowling
Michael J. Gershoni
Michael J. Sebba

Counsel for Plaintiff Nike, Inc.

cc (via ECF):   Robert R. Axenfeld
                Scott L. Baker
                Daniel P. Wotherspoon
                John S. Durrant
                Zakari A. Kurtz