```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

           Plaintiff,

v.

RELOADED MERCH LLC,
BILL OMAR CARRASQUILLO, and
XIAMEN WANDERING PLANET IMPORT
AND EXPORT CO., LTD.,

           Defendants.

Case No. 1:22-cv-10176 (VM)

## DEFAULT JUDGMENT

WHEREAS, on November 30, 2022, Plaintiff Nike, Inc. ("Plaintiff" or "Nike") filed a Complaint against Defendants Reloaded Merch LLC and Bill Omar Carrasquillo (the "Reloaded Defendants"), alleging claims of trademark infringement, false designation of origin and unfair competition, and dilution under the federal Lanham Act 15 U.S.C. § 1051 *et seq.*, and trademark infringement, unfair competition and dilution under New York State law and common law, based on the Reloaded Defendant's violation of Plaintiffs' exclusive rights in the Nike Air Jordan 1 High trade dress (U.S. Reg. No. 6,368,694), the Nike Air Jordan Low OG trade dress (U.S. Reg. No. 6,368,691), the Nike Dunk Low trade dress (U.S. Reg. No. 3,711,305), and the Nike Air Jordan/Dunk Outsole design (U.S. Reg. No. 3,721,064) (collectively, the "Plaintiff's Asserted Marks") (ECF No. 1);

WHEREAS, on December 7, 2022, the Reloaded Defendants agreed to waive service of summons (ECF Nos. 19-20);

WHEREAS, on March 27, 2023, the Reloaded Defendants moved to dismiss the above-captioned case (ECF Nos. 69-70);

WHEREAS, on December 22, 2023, this Court denied the Reloaded Defendants' motion to dismiss, and ordered the Reloaded Defendants to file an Answer to the Complaint within twenty-one days of the Order (ECF No. 80);

WHEREAS, on January 3, 2024, the Reloaded Defendants moved for an extension of time to file an Answer to the Complaint (ECF No. 81).  On January 4, 2024, this Court granted the Reloaded Defendants' request, and ordered the Reloaded Defendants to file their Answer on or by February 26, 2024 (ECF No. 82);

WHEREAS, on February 15, 2024, counsel for the Reloaded Defendants submitted a letter to the Court requesting permission to file a formal motion to withdraw as counsel for the Reloaded Defendants due to their "prolonged failure to pay their substantial outstanding balance for legal services and costs owed[,]" and the Reloaded Defendants' communication to their counsel regarding "their financial inability to afford continued representation in defense of their interests." (ECF No. 83).  This Court granted the request on February 20, 2024 (ECF No. 84);

WHEREAS, on February 26, 2024, the Reloaded Defendants' counsel subsequently filed a formal motion to withdraw as counsel, accompanying memorandum of law, and declaration in support of the motion.  (ECF Nos. 89-91).  In the memorandum of law, counsel for the Reloaded Defendants stated that they "advised [Reloaded Defendants] that they should obtain new counsel, and that their failure to do so may result in a default judgment against them." (*Id.*);

WHEREAS, on March 5, 2024, this Court granted the motion to withdraw.  (ECF No. 92). To date, no other attorneys have filed a notice of appearance on behalf of the Reloaded Defendants;

WHEREAS, the deadline for the Reloaded Defendants to answer the Complaint was February 26, 2024;

WHEREAS, the Reloaded Defendants failed to file an answer to the Complaint within the time period ordered by this Court;

WHEREAS, on April 5, 2024, the Clerk of the Court entered a default as to the Reloaded Defendants;

WHEREAS, Plaintiff has moved for entry of default judgment against the Reloaded Defendants; and

WHEREAS, the Court has determined that Plaintiff is entitled to a default judgments against the Reloaded Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has personal jurisdiction over the Reloaded Defendants personal because the Reloaded Defendants are doing business in New York; have contracted to supply goods in New York; the claims at issue arise out of their transaction of business, including sourcing and/or supplying goods directed to consumers residing in New York and this district; have committed infringing acts outside of New York causing injury to Nike in New York; regularly do or solicit business in New York; derive substantial revenue from goods used in New York; and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.

2. The Court has subject matter jurisdiction over the Reloaded Defendants at least under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law, and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. The Reloaded Defendants are liable for having willfully (A) infringed Plaintiff's Asserted Marks in violation of 15 U.S.C. §1114 and New York General Business Law § 133, (B) used false designations of origin in violation of 15 U.S.C § 1125(a), (C) diluted Plaintiff's Asserted Marks in violation of 15 U.S.C. § 1125(c) and New York General Business Law § 360-L, and (D) violated Plaintiff's common law rights in Plaintiff's Asserted Marks.

4. The Reloaded Defendants and any of their officers, directors, agents, shareholders, members, employees, representatives, parents, subsidiaries, affiliates, divisions, successors and assigns, and all those persons in active concert or participation with any of them who receive actual notice of this judgment, shall be permanently enjoined from:

    a. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the Infringing Products identified in the Complaint, and any and all colorways and/or variations thereof) under or bearing Plaintiff's Asserted Marks and/or colorable imitations thereof, any marks substantially indistinguishable therefrom, or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Reloaded Defendants caused to enter the stream of commerce or any of Reloaded Defendants' commercial activities are sponsored or licensed by Plaintiff, are authorized by Plaintiff, or are connected or affiliated in some way with Plaintiff or Plaintiff's Asserted Marks;

    b. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not

    limited to the Infringing Products identified in the Complaint, and any and all colorways and/or variations thereof) under Plaintiff's Asserted Marks and/or colorable imitations thereof, any marks substantially indistinguishable therefrom, and/or confusingly similar marks;

  c. Implying Plaintiff's approval, endorsement, or sponsorship of, or affiliation or connection with, Reloaded Defendants' products, services, or commercial activities, passing off Reloaded Defendants' business as that of Plaintiff, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with or injuring Plaintiff's Asserted Marks or the goodwill associated therewith;

  d. Engaging in any act which is likely to dilute the distinctive quality of the Plaintiff's Asserted Marks and/or injures Plaintiff's business reputation;

  e. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in paragraphs 4(a) to (d) above; and

  f. Otherwise competing unfairly with Plaintiff or retaining the benefits of any past unfair competition.

5. Plaintiff shall recover damages in an amount of $8,000,000.00.

6. The Court shall retain continuing jurisdiction over the parties to this Judgment and over the subject matter of the action for purposes of interpreting and enforcing the terms of this Judgment.

IT IS SO ORDERED this 19 day of April, 2024.

_____
Victor Marrero
U.S.D.J.